**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ROGER ALEXANDER ZAMBRANO-NATAREN,

Petitioner,

v. No. 2:26-cv-03197-MLG-JFR

WARDEN, Otero County Processing Center,
et al.,

Respondents.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner Roger Alexander Zambrano-Nataren's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). Doc. 1. Zambrano-Nataren, a citizen of Honduras, is detained at the Otero County Processing Center in Chaparral, New Mexico. Doc. 1 at 2. He argues that his continued detention is a violation of his Fifth Amendment right to due process and seeks immediate release. Doc. 1 at 3-5. The Court ordered the United States Attorney's Office for the District of New Mexico ("USAO") to respond to Zambrano-Nataren's Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, on behalf of Federal Respondents[1] within ten business days. *See* Doc. 4. The USAO timely responded, arguing that Zambrano-Nataren is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) because he "has twice been arrested for some variety of theft." Doc. 5 at 3.

The plain language of § 1226(c) mandates detention under such circumstances. *See* § 1226(c)(1) (providing that the Attorney General "shall take into custody" any inadmissible or deportable noncitizen who "*is arrested for* . . . burglary, theft, larceny, shoplifting, or assault of a

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than Dora Castro, Warden of the Otero County Processing Center.

law enforcement officer offense, or any crime that results in death or serious bodily injury to another person" (emphasis added)). Because Zambrano-Nataren does not contest that he is inadmissible or deportable as contemplated by § 1226(c), nor does he challenge that he was arrested for theft, his detention is mandatory. For these reasons, the Petition, Doc. 1, is denied.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA